CULVER
vs
BLAKE, &c.

---

ASSUMPSIT.

Case 114.

June 20.

The case stated.

## Culver *vs* Blake, &c.

### APPEAL FROM THE GREENUP CIRCUIT.

*Assumpsit. Damages. Evidence. Warranty.*

JUDGE BRECK delivered the opinion of the Court.

THE appellees brought this action of assumpsit against Culver, for a balance claimed by them upon a *lot of iron* and nails sold him.

A verdict and judgment having been rendered for the plaintiffs, upon the plea of non assumpsit, the defendant has appealed to this Court.

The testimony conduced to prove the sale of a lot of iron and nails, by the plaintiffs to the defendant at a fixed price, and with a warranty by the former, as to the quality, and that the articles were of an inferior quality, and not such as they were warranted to be. After the parties had closed their testimony, the Court on motion of the plaintiff, excluded from the jury all the evidence tending to prove the quality of the iron and nails, upon the ground that the defendant could not rely upon the breach of warranty, or upon fraud, or deceit in the sale of the articles in the reduction of damages, as they were sold at a fixed price, but in such case could only resort to his cross action, upon the warranty or for the fraud. Whether the Court was right in thus ruling the law is the first and most important question, presented for consideration.

The question is one upon which conflicting opinions

In an action of assumpsit for the price of chattels,

seem to have been entertained by eminent jurists, both in England and this country. But without attempting an

elaborate review of all the authorities bearing upon the question, it is sufficient to say, that we have come to the conclusion, that it was competent for the defendant in this case to prove and rely in diminution of damages, upon the breach of the warranty as to the quality of the articles sold, or upon a fraudulent misrepresentation in that respect. And consequently that the Circuit Judge erred in sustaining the plaintiffs motion, and excluding the evidence. In coming to this conclusion, we think we are sustained by the weight of authority, as well as upon principle. We perceive no satisfactory reason for driving the vendee for his remedy to a cross action.

The following authorities are referred to in support of the position or principle assumed. (*Chitty on contracts* 458, *and authorities there referred to*; *Buker & Bucker* vs *Vroom,* 13 *Johnson's R.* 302; *Starkie on Evidence,* 2 *vol.* 646, *and authorities there cited;* 3 *Ibid,* 1666; *Comyn on Contracts,* 160.)

It also follows in view of the principle thus recognised, that the Court below erred in refusing instructions, No. 1 and 2, moved by the defendant.

The 3d instruction we think was properly refused; the testimony in regard to the offer to return, and the refusal of the plaintiffs to receive the articles back, being insufficient to authorize it. Nor are we satisfied that the Court erred in refusing the 4th and 5th instructions.

The judgment is reversed and the cause remanded, that a new trial may be granted and further proceedings had consistent with this opinion.

*Beatty* for appellant : *T. Y. Payne* for appellees.

iron and nails, sold at a fixed price with warranty of quality, it is competent for the defendant to prove, to reduce the damages, that the articles were of inferior quality, and not such as they were warranted to be.