Judge Marshall
delivered the opinion of the Court.
This action of assumpsit was brought by Menifee, a physician, to recover the amount of his bill for medi *466 Cal services, &c., to the defendant and his family. The ease went to trial on the general issue, and after the plaintiff had proved his account, it was proved on the part of the defendant, that on the first visit of plaintiff to attend the defendant, he was sent for while at the defendant’s house, to go to one Hoffman’s, and was then told by ihe -wife -of defendant who was himself very ill, that if he went to see patients that had the small -pox he must not come there, but they must employ another physician who had no small pox patients, to which'he replied,,iShe would not, unless Hoffman would be bound for his fee;” that on the next day when he visited defendant again, he was again told by defendant’s wife that if he visited any small pox patients he could not attend on defendant, and he replied he would not visit any small pox patients. That about ten days ■after he was called in, the defendant’s wife was pressing'him strongly about visiting small pox patients, and •that he must not visit them, when without admitting or •denying that he visited such patients, he said if he visited them he would change his clothes and there would be no danger. It was further proved that after the plaintiff had been attending the defendant for about three weeks for fever, and when he was getting better and began to recover from the fever, he broke out with small pox, and some time after his son also broke out with small pox. The defendant then introduced witnesses and offered to prove by them that while the plaintiff was attending on the defendant as above, for typhoid fever, he was also attending on small pox patients at Hoffman’s, and to prove other facts conducing to show that the plaintiff by his visits to the defendant, had brought with him and communicaled to the defendant .the small pox infection, and that there were no other means by which it could have been communicated to him. But the Court on the motion of the plaintiff’s counsel excluded or rejected all the evidence proving or conducing to prove the facts or any of them, which the defendant thus offered to prove. And exceptions *467 to this decision of the Court having been properly, taken and reserved, the only question presented in this Court, is, whether the facts offered to be proved were relevant and material to the issue.
T. . „ , , . It 13 the duty of physicians who "enu^infeoSd r¡sehase3fe<wheu t0 ““end not so inflicted, p°r e’e^uiionary proved 10 be necessary to prevent its e ommunication ¿5539> fonpp^?p-3209’ The fact thata a was^cabed w¿° iphe'was®attemi j“|ea®yd Paliei“3 small-pox, that would bT^'is-pejlsfd wilh ?nd another employed and he failed’ wasden attending andpiomfsednot-i bm con turned to attend, anddid-commu-pox to the pa-^evUencewgo t®.the jury on a the charge for «cover üiedam-age3,
It cannot be doubted, that upon the facts offered to , , be proved, and which are now- to be taken as true, the plaintiff was prima facie liable to an action. Even if there had been no warning to- him by the defendant’s wife, it was his duty in passing.from, his patients who were afflicted with an infectious and dangerous disease to others who were not so affected, to take such precautions as experience may have shown to be necessary to prevent the communication of the infection bv his own . „ , , . r , visits, isut when m the very commencement of the services for which a considerable portion of the-charges now in question were made, he was expressly warned by the defendant’s wife, acting presumably for her husband as well as for herself and the rest of the family, that if he attended small pox patients, he must not-come there, but they would employ another physician,., his promises of compliance, constituting as they did, the inducement and condition of his further employment, entered into and formed a part of the consideration of the contract on which he sues. And whether. they be regarded as being in the nature of a warranty, that the family should not be subject to the risk of small pox by his visits, or as having been intended to lull their apprehensions; and thus to procure a continuance 1 r it. of his employment by a delusive statement, their viola-tlon and the consequent damage, constitute in our opinion, an available ground for reducing the recovery for the services, in the performance of which, the violation ■of these promises and the consequent damage occurred, After the conversation which occurred during the first -and second visits of the plaintiff, the defendant and his family had a right to believe that the plaintiff was not visiting small pox patients, since he had in effect, prom--ised that he would not visit the defendant while he was attending on such patients, or that he would-not attend •n such patients while he was visiting the defendant. *468 Suppose a physician, knowing that he has an infectious disease, continues to visit his patients without, apprising them of the fact, and without proper precautions on his own part, and thus communicates the disease to one of them1? Clearly the physician thus acting would be guilty of a breach of duty, and of his implied undertaking to his patient, which, whether it be regarded in the light of carelessness, or negligence, or fraud, would render him liable for the consequent damage, including as well the suffering and danger, and loss of time, as the expense necessarily occasioned by the second disease, thus produced by his own wrongful act. And if the same physician should cure his patient of the second disease, he would be but compensating in part the damage which he had occasioned, if he rendered his services gratuitously. Might not the patient then resistor at least reduce his recovery for the services by showing that they had been rendered necessary by the plaintiff’s own wilful misconduct and mistreatment as a physician in his attendance upon the same patient? And might he not resist or reduce the recovery in an action for the original services alone, by showing the misconduct and mistreatment in rendering those services, whereby the patient passed from the first disease into one equally or more dangerous?
A physician who comm unicates to his patient an infectious _ disease is responsible for damages for the suffering, loss of time and danger to which the patient may be sub jected—argu.
The modem doctrine allows a defendant in an. action of as-sumpsit to remit or reduce a recovery on the ground of a breach of warranty or a false and fraudulent representation in the same eon-traot—argu: See Culver vs Blake (6 B. Mon. 528) as a physician called to attend a patient for fever, and comma nicating «mall-for t« hi« pa-lient may have his bill reduced, by proof showing that longer attention was necessary and the bill in consequence of the small-pox being communicated— Chitty on contracts, supra.
*468 The actual case as presented by the evidence which was offered, is even stronger for the defendant than that which has been hypothetically stated, inasmuch as it may be inferred that the continuance of the plaintiff’s employment in the first disease was induced by his promise not to visit small pox patients while he was visiting the defendant. And although under the doctrine formerly prevailing, the defendant might be driven to a cross action for the recovery of damages, yet as more modern adjudications with a view to avoiding circuity of action, and doing full justice in one suit, have allowed the defendant in an action of assumpsit to resist or reduce the recovery on \ the ground of & breach of warranty or of false and fraudulent repre *469 sentations in the same contract, so upon the same principle, we are of opinion that the facts offered to be proved in this case, being a part of the very transaction and contract on which the recovery is claimed, and tending to prove maltreatment on the part of the plaintiff in his attendance on the first disease, whereby his services in that disease were rendered less valuable, and whereby another disease was produced, for his services, in which he has no just claim to compensation except in reduction of damages claimed against himself, are admissible and material, not by way of set off, but as affecting the cause of action itself, and as a .ground of diminishing or defeating his recovery, so far ■as his demand is founded upon services rendered either in attending on the defendant and his son in the small pox, or in attending on the defendant in his prior disease, in violation of his promise not to attend small pox patients while attending the defendant, indeed there is some ground for saying that his right to charge the defendant for attendance on the first disease, was made expressly dependent upon his not visiting small pox patients.
In-considering the question upon the rejection of this evidence, we of course take the strongest presumption against the plaintiff which the rejected evidence authorizes. In deciding that the evidence was admissible, we only decide that the facts offered to be proved and the inferences deducible from them, are entitled prima facie, to affect the damages recoverable by the plaintiff, who, if the evidence had been admitted, would have had and will have upon another trial, the privilege of disproving the facts relied on, or of offering such explanatory or mitigating evidence as may be in his power. As we have no right to anticipate bis answer, it would be inappropriate to say any thing as to the effect of any particular answer which he may attempt.
In support of the principle of this opinion, we refer to the case of Culver vs Blake, (6 B. Mon. 528,) which allows proof of breach of warranty or of fraudulent *470 misrepresentation to be relied on. in defense of an action of assumpsit for the price of the article sold. To the general duty and liability of medical practitioners as laid dowu by judges and commentators: Chitty on Con., 553, and note 1, referring to 9 Conn.T Rep., 209 and 3 Watts 355. Chitty in the page just referred to,, says, “And if the patient be rather injured than bene-fitted in his health in consequence of any gross unskil-fulness or carelessness on the part of his medical attendant, no action for fees can be maintained..” We. refer also to the case of Montrion vs Jeffreys, R.-Sf, M.„ 317, and 2d C. & P., 113, S. 6, in which it was decided to be a good defense to an action on an attorney’s, bill, that the costs were incurred through inadvertency and want of proper caution on the part of the attorney. Ch. on Cont., 559, and to the case of Huntley; vs Bulwer, in which, on grounds substantially similar,, it was held that the attorney was not entitled to recover for his services: Chity on Cont., 561.
Davis for plaintiff; Cqx and Reed for defendant.
Wherefore the judgment is reversed, and the cause remanded for a new trial in conformity with the principles of this opinion.