## ROBERTSON vs. DAVENPORT & PATTERSON.

[ACTION UNDER CODE ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Recoupment of damages on breach of contract.*—Plaintiffs contracted to deliver to defendant, who was a grocer, a certain quantity of Cincinnati hams, at a

stipulated price per pound; to be delivered during the season as defendant might want them, and to be paid for on delivery. After the delivery of a part of the specified quantity, the price of hams rose, and plaintiffs became unable to complete their contract; and defendant having refused to pay for those already delivered, they brought suit for the price: *Held*, that defendant, if he then knew that plaintiffs were unable to complete their contract, might refuse to pay; and might recoup his damages.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Davenport & Patterson, as partners, against Thomas H. Robertson, on an open account for $159 33. The defendant pleaded only a special plea, alleging, in substance, that in 1853 he entered into a contract with plaintiffs, by which they promised and agreed to sell and deliver to him fifty casks of Stagg & Shay's hams, at the price of $10\frac{1}{2}$ cents per pound, and to furnish them to him as he might require during the then ensuing season; that, under and pursuant to said agreement, plaintiffs did furnish him with twenty casks of said hams, which he received and paid for at the stipulated price, excepting a small balance, which is the sum sued for in this action; that they wholly failed and refused to furnish the remainder of the casks contracted for, although he was ready and willing (and so informed them) to receive and pay for the same according to the stipulations of said contract; that by reason of this failure on their part, the price of said hams having risen in Mobile to 16 cents per pounds, defendant (who was a grocer in Mobile) sustained damage to the amount of about $500, which he insists he has a right to recoup in this action, and therefore claims judgment for the balance in his favor.

A demurrer was interposed to this plea, but the court overruled it; and a trial was then had on issue joined.

On the trial, as appears from the bill of exceptions, " it was shown that the hams sold, the price of which was sued for, were part and parcel of fifty tierces of hams which the plaintiffs had agreed, in December, 1852, or January, 1853, to furnish to the defendant during the coming year (until new hams came into market), as he should want them, and as they could be obtained from Cincinnati within a reasonable time after notice; the defendant being a grocery merchant in the

city of Mobile. They were to be Stagg & Shay's hams, and were to be furnished at the rate of 10 cents per pound, adding thereto the expenses from Cincinnati to Mobile, which would be about 1¼ cents per pound. About eighteen tierces had been delivered from time to time, part of the money for which had been paid ; and a part of the hams which were delivered on the 15th, 20th, and 24th of August, 1853, constituted those sued for in this action. The defendant refused (*to pay for them?*), because he believed, from information derived from other sources than the plaintiffs; that he could not get the balance of hams contracted for, and that the injury he would sustain by reason of plaintiffs' non-compliance with their contract would be much more than the price of the hams now sued for. By the terms of the contract, the hams were to be paid for, from time to time, as delivered ; and after the hams now sued for were delivered, the money was demanded, and payment refused by the defendant ; and no more hams were delivered to him after such refusal. The defendant introduced several witnesses, grocery merchants in Mobile, who testified, that they had severally made similar agreements with plaintiffs that season, to be supplied with Stagg & Shay's hams, from time to time, in large quantities, at the same price ; that a portion of the hams had been delivered by plaintiffs to each of them, but after the delivery of less than half of what they were to have received, neither of them could get any more ; that they could obtain none from plaintiffs after the 15th or 20th August, 1853, and that plaintiffs, after that time, had no more hams to supply to those with whom they had contracted, and did wholly fail to supply them (said witnesses), with many other grocery merchants, with hams in pursuance of their contracts after that date. Defendant proved, also, that along in the summer of 1853 hams rose in price from 12½ to 16 cents per pound, and that the price kept up in Mobile until new hams came in the following season ; and that he had sustained damage, by reason of his not getting the hams as contracted for, to a greater amount than the sum claimed by plaintiffs.

" After the court had charged the jury generally, the defendant requested the court to instruct them, that if they believed that plaintiffs, at the time when the money for the bill

sued upon was demanded, had ceased to have ability to comply with their contract, and the defendant knew that fact, he might refuse to pay for the hams sued for, and might recoup his damages. This charge the court refused to give, and the defendant excepted."

The refusal to give this charge is now assigned for error.

CHARLES P. ROBINSON, for the appellant, contended, that an express refusal, on the part of the plaintiffs, to continue to furnish hams during the season, would certainly justify a refusal by the defendant to pay for those already furnished, and the recoupment of his damages ; and that an inability to perform, as shown by the evidence, was tantamount to a refusal.

K. B. SEWALL, contra, made the following points :

1. The defendant's refusal to pay for the hams delivered to him on the 15th, 20th, and 24th August, was a breach of the contract on his part, and gave to the plaintiffs, who were then in no default, a right to abandon the contract, and to recover the price of the hams delivered.—Fletcher v. Cole, 23 Vermont R. 114; Pounds v. Baxter, 4 Greenl. 454; Dwinel v. Howard, 30 Maine R. 258; Allen v. Robinson, 2 Barb. (S. C.) 341; Martin v. Chapman, 6 Port. 344; Pharr v. Bachelor, 3 Ala. 240; Davis v. Wade, 4 ib. 208; Lord v. Belknap, 1 Cushing's R. 283; 6 English Law & Equity R. 230.

2. Rumor and information, as to plaintiffs' inability to perform their contract, whether believed or not, formed no excuse for defendant's breach of contract.

RICE, J.—"However technical rules are to be attended to, and in some cases cannot be dispensed with, yet, in administering justice, we must not lose sight of common sense; and the common sense of this case will not be found to militate against any rule of law."—Rawson v. Johnson, 1 East's Rep. 204.

No doubt can be entertained, that under the evidence disclosed in the record, the charge as asked by the appellant should have been given.—Tucker v. Woods, 12 Johns. R. 190; Judson v. Wass, 11 ib. 525; Wadlington v. Hill, 10 Smedes & Marsh. R. 560; Bank of Columbia v. Hagner, 1

Peters' R. 465; Gardner v. King, 2 Iredell's R. 297; Jones v. Barkley, Doug. R. 659; Waterhouse v. Skinner, 2 Bos. & Pul. 447; 1 Saund. Pl. & Ev. 116; Thorpe v. Thorpe, 1 Salk. R. 171; Calonel v. Briggs, *ib.* 112; Langfort v. Adm'r of Tiler, *ib.* 113; Lancashire v. Killingworth, 2 *ib.* 623; Goodisson v. Nunn, 4 Term R. 761; Morton v. Lamb, 7 *ib.* 125; Rawson v. Johnson, *supra;* Powell on Contracts, 417, 418, 419; Marshal v. Craig, 1 Bibb's R. 379, 390; Carrell v. Collins, 2 *ib.* 429.

For the error of the court below in refusing the charge as asked, the judgment is reversed, and the cause remanded.