CASE 46—PETITION ORDINARY—JANUARY 27.

# Miller vs. Gaither.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. The sale of a slave in 1864 by Gaither, and the purchase by Miller, for the sole purpose of putting such slave in the Federal army as a substitute for Miller, who had been drafted, implied a warranty of his suitableness to the end contemplated by both parties to the contract, and oral testimony of facts conducing to establish such a warranty was not inconsistent with the bill of sale, merely transferring the title, without expressing a warranty. All such implied warranties may be proved by unwritten testimony.

2. Neither fraud, without rescission by the return or tender of the slave to the vendor, nor warranty, can entitle the vendee to bar the action for the price.

3. According to the modern common law recognized by our Code of Practice, and late adjudications by this court, the vendee of personal property, is entitled by plea to the action for the price, to a recoupment of the damages resulting to him from the failure of the consideration. (2 *Marshall*, 86; 4th *Littell*, 157; 6 *B. Mon.*, 528; 12 *B. Mon.*, 465.)

4. To recoup the damages resulting to the vendee of personal property, from the failure of consideration by plea to the action for the price, saves costs and delays, and prevents vexatious multiplicity and uncertainty; and this is the policy and principle of the doctrine, as recognized in this court and elsewhere, and which applies as well to this form of action as to an action of assumpsit; and, consequently, the evidence entitled the vendee to some credit on the note sued on; and if, as alleged, the slave was worth nothing as a slave, there may have been an entire failure of consideration without returning or otherwise accounting for him.

M. H. COFER and
SWEENEY & STUART, For Appellant,
CITED—
Civil Code (*Myers*), 381; *Hill and wife vs. Butler.*
Civil Code, secs. 161, 153.

Miller vs. Gaither.

*MSS. Opin., January,* 1855; *French vs. Saile.*
*MSS. Opin., January,* 1857; *Morehead vs. Halsell.*
1 *J. J. M.,* 203; 6 *B. Mon.,* 528; 3 *J. J. M.,* 293.
4 *Bibb,* 569; *Hendrick vs. Hendrick.*
3 *Met.,* 31–2; *Robinson vs. Bright's ex'r.*
16 *B. Mon.,* 319; *Western vs. Pollard.*
*Chitty on Contracts,* 396, 400, *note* 1.
1 *Met.,* 438; *Woodcock vs. Farrel.*

WM. WILSON, For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In an action by the appellee against the appellant on a promissory note for seven hundred dollars, dated October 1st, 1864, the appellant answered that the only consideration of the note was a sale by the appellee to him of a slave, Henry, sold and bought only for a substitute of the appellant, who had been drafted as a soldier into the military service of the Federal army; that Henry, not being present or seen at the time of the trade, was represented by the vendor as suitable for a substitute; that the vendor not only guaranteed the adaptableness of Henry to the purpose for which the appellant needed him, but, knowing that he was under the standard height, breadth, and age, fraudulently made the false representation; that Henry was offered as a substitute, and rejected as too low and diminutive, and *was worth nothing as a slave.*

Under instructions by the court, a jury found for the appellee the amount of the note, and the court overruled a motion for a new trial.

There is no proof of an express warranty *eo nomine;* but the testimony tends strongly to establish the false representations as charged in the answer, and the appel-

lee's knowledge of their falsehood, fortified by the fact that Henry had been previously rejected as a substitute, because his form was too slight and his height under five feet two inches; and it was also proved that the appellee knew that the appellant's only motive for buying Henry was to relieve himself from the draft by substitution.

The sale by the appellant and purchase by the appellee for that sole purpose implied a warranty of his suitableness to the end thus contemplated by both parties to the contract; and oral testimony of facts conducing to establish such a warranty was not inconsistent with the bill of sale, merely transferring the title, without expressing a warranty. All such implied warranties may be proved by such unwritten testimony.

Neither fraud, without rescission by the return or tender of the boy to the vendor, nor warranty, can entitle the vendee to bar the action for the price. But, according to the modern common law, recognized by our Code of Practice, and late adjudications by this court, he is entitled, by plea to the action for the price, to a recoupment of the damage resulting to him from the failure of the consideration. (2 *Marshall*, 86; 4*th Littell*, 157; 6 *B. Mon.*, 528; 12 *Ib.*, 465.)

Thus to recoup in the same action saves costs and delays, and prevents vexatious multiplicity and uncertainty; and this is the policy, and thus the principle of the present doctrine as recognized in this court and elsewhere, and which applies as well to this form of action as to an action of assumpsit.

Consequently, the evidence entitled the appellant to some credit on the note sued on; and if, as alleged, Henry was worth nothing as a slave, there may have been an entire failure of consideration without returning or otherwise accounting for him.

It results from the foregoing principles that the circuit court, not recognizing them, misinstructed the jury, and erred in overruling the appellant's motion for a new trial.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.