## J. Y. BEVER v. DISHMAN & GALLOWAY.

**Evidence—Warranty—Parol Evidence.**
Parol testimony is admissible to establish a warranty.

**Bills and Notes—Breach of Warranty—Recoupment of Warranty.**
In an action on a note for the price of a mill, defendants are entitled to a recoupment of the damages resulting to them for breach of warranty.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

December 24, 1872.

OPINION BY JUDGE PETERS:

To an action upon a promissory note dated the 31st of December, 1860, due six months thereafter, for one hundred dollars, executed to appellant by appellees, they pleaded that the note was executed by them as a part of the consideration of a smut mill or separator which they purchased of him and which he at the time represented and warranted to be a good and durable mill, and the machinery thereto attached right in every particular, and well adapted to the business for which it was designated; but that said mill was wholly unfit for the purposes for which it was intended; that it was defective and worthless, and in less than six weeks after it was pur-

chased they had to remove it and put up their old mill; that they relied on the representations and statements of appellant as to the adoption of the mill to the purpose for which they needed it, made the purchase, but that his representations were untrue.

They allege in an amended answer that as a part of the contract appellee agreed that defendants might take the smut mill and use it till they were satisfied, and if it did not answer the purpose they need not pay for it.

On the trial in the court below a jury found for appellees, and a new trial having been refused appellant, he has appealed to this court.

A witness who was present when the contract was made proved that appellant warranted the mill, and it was a part of the agreement that appellees were to take the mill and machinery and try them; if they did not suit, or prove satisfactory, they might take them out, and pay nothing for them; that the smut mill was put up and tried; that it did not give satisfaction, and in less than six weeks it was removed and the old mill put back. Another witness proved that he worked at the mill for appellees; that they used the smut mill six weeks, or two months, then took it down and replaced their old one; that he assisted in the removal of the new mill and putting up the old one; that the machinery of the new mill would not work right, and that was the cause of the removal.

The testimony tends to establish an express warranty, but if that were not so the sale of the mill and machinery by appellant and purchase by appellee as a smut mill and separator implied a warranty of its adoption to the end, or business contemplated by both parties to the contract, and parol testimony was admissible to establish a warranty. It was not inconsistent with, nor contradictory to the terms of the note sued on. The note recites on its face that it was for a smut mill. Appellees by plea to the action for the price of the mill were entitled to a recoupment of the damage resulting to them for the failure of consideration. *Miller v. Gaither,* 3 Bush 152, and authorities there cited.

The instructions given by the court below were quite as favorable as appellant had a right to ask them, and were all he was en-

titled to. Perceiving, therefore, no error in the judgment prejudicial to appellant, the same must be *affirmed*.

*Gorin, for appellant.*

*Rodes, for appellee.*