### JAMES R. PIPER v. R. G. RINGO, ET AL.

**Contracts—Failure of Consideration.**

> Where suit was brought to recover on a contract to pay the owner of a stallion for the use of him for a certain period for breeding purposes, and a failure of consideration is pleaded thereto, in that the stallion was almost wholly unable to produce colts, and that he was utterly worthless for the purpose for which he was hired, and the proof sustains such averments, there can be no recovery. There was an implied warranty on the part of the owner of the stallion that he was suitable for the purposes contemplated by the contract.

#### APPEAL FROM FLEMMING CIRCUIT COURT.

January 27, 1877.

OPINION BY JUDGE PRYOR:

Although the deposition of Piper had been excluded on motion of the appellees, still the appellees had the right to read it afterwards.

The objections to the introduction of the statements of the adverse party, although sustained upon a former trial or excepted to before trial, when the deposition had been taken, will not preclude the party objecting from afterwards introducing the same statements or reading the deposition. The deposition in this case had been suppressed, and the appellees desired to show that the appellant had received the letter from appellees or one of them stating the condition upon which they would take the horse. The hand writing of the party is not proven, and the only evidence of its execution or reception by appellant is that of the clerk, who says that this

letter was in a deposition in his office purporting to have been given by appellant. The notice that the deposition would be taken and the return on it, was read. The deposition was not read nor offered to be read, and this statement of the clerk is the only evidence that it was appellant's deposition, and the only evidence that Fitch wrote the letter. The introduction of the letter was, therefore, erroneous.

The appellees pleaded, however, an entire failure of consideration. The allegation that the horse almost wholly failed to get colts is not an admission of a consideration, nor does it destroy the plea. It is alleged that he was utterly worthless and of no value for the purposes for which he was hired, and of no value and not fit for service.

It is further alleged that the appellant had sold said horse to appellees as a stallion to serve mares and get colts, and for no other purpose. These facts implied a warranty on the part of appellant that the horse was suitable for the purposes contemplated by the contract, and if the amended answer fails to allege a warranty, the original answer contains that allegation, and upon this answer and counterclaim an issue was formed.

The proof is conclusive that the horse was obtained for the purpose of serving mares and for no other purpose, that this was the only service contemplated by either party to the contract. It also appears that the horse was utterly worthless as such and of no value to appellant. The proof authorizes no other conclusion. The appellant has not been prejudiced by the judgment, and the same is *affirmed.  Miller v. Gaither,* 3 Bush 152.

*E. C. Phister, Ross & Kennedy, for appellant.*
*Andrews & Wadsworth, for appellees.*