# CASES DETERMINED

SCHWEICKHART and another, Respondents, vs. STUEWE, Appellant.

*January 31 — February 28, 1888.*

*Sale of chattels: Delay in delivery: Acceptance: Counterclaim: Pleading: Indefiniteness.*

1. In an action for the contract price of building materials, the defendant may counterclaim for damages on account of delay in the delivery and a failure to deliver a part of the quantity contracted for, even though he received and used what was delivered without objection or notice that he would claim damages.

2. In such case, where the counterclaim alleges that the defendant requested and ordered the delivery of the materials under the contract, it need not allege that he was ready and willing to receive and pay for them.

3. Where a counterclaim states the main facts which would constitute an affirmative cause of action, but does not definitely state the nature of the damages sustained, the remedy is by motion and not by demurrer.

APPEAL from the County Court of *Milwaukee* County. The case is stated in the opinion. The defendant appeals from a judgment in favor of the plaintiffs.

For the appellant there was a brief by *Fiebing & Killilea*, and oral argument by *Mr. Killilea*. To the point that even if the appellant by receiving and paying for *some* building stone furnished to him by the respondents had

Schweickhart and another vs. Stuewe.

thereby waived all claims for damages on account of delay, this could not affect that part of the counterclaim in which damages are claimed for loss of time and expense incurred by him in being compelled to purchase elsewhere a portion of the stone which the respondents had contracted to furnish but failed to deliver, they cited Benj. on Sales (4th Am. ed.), sec. 1032, note 19; *Highlands C. & M. Co. v. Matthews*, 76 N. Y. 145; *Per Lee v. Beebe*, 13 Hun, 89; *Richards v. Shaw*, 67 Ill. 222; *Goodwin v. Merrill*, 13 Wis. 658; *Bowker v. Hoyt*, 18 Pick. 555; *Booth v. Tyson*, 15 Vt. 515; *Fisk v. Tank*, 12 Wis. 306; *Norfolk & W. R. Co. v. Shippers' Comp. Co.* 2 S. E. Rep. (Va.), 139; *Blood v. Wilson*, 141 Mass. 25; 3 Starkie on Evi. 1769.

For the respondents there was a brief by *Stark & Sutherland*, and oral argument by *Mr. G. E. Sutherland.* They contended, *inter alia*, that by receiving without objection a portion of the stone contracted to be delivered, the appellant waived any irregularity in the time of the delivery of the part accepted. *McKinney v. Jones*, 55 Wis. 39; *Pike v. Nash*, 3 App. Dec. (N. Y.), 610; *Merrimack Mfg. Co. v. Quintard*, 107 Mass. 127; *Locke v. Williamson*, 40 Wis. 377; *Morford v. Mastin*, 17 Am. Dec. 168, 173. The counterclaim should show a clear breach of the contract, and distinctly allege the definite damages sustained. *Miller v. Mariners' Church*, 7 Me. 51; *Griffin v. Colver*, 16 N. Y. 489; *Blanchard v. Ely*, 21 Wend. 342; *Benton v. Fay*, 64 Ill. 417; *Freeman v. Clute*, 3 Barb. 424; *Ward v. N. Y. C. R. Co.* 47 N. Y. 29; *Edwards v. Sanborn*, 6 Mich. 348. It should allege that the defendant was ready to receive the stone and ready and willing to pay for it when it ought to have been delivered. 2 Benj. on Sales, 1119, sec. 1305; *Smith v. Wright*, 1 Abb. Pr. 243; *Clark v. Dales*, 20 Barb. 42; *Coonley v. Anderson*, 1 Hill, 519; *Vail v. Rice*, 5 N. Y. 155; *Bronson v. Wiman*, 8 id. 182; *Boody v. R. & B. R. Co.* 24 Vt. 660; *Beard v. Sloan*, 30 Ind. 279; *Sorrell v. Craig*, 8

Ala. 567. It should show that there was a difference between the market price and the contract price, or that the defendant was unable with reasonable diligence to procure the stone elewhere for use for the particular purpose, of which proposed use the plaintiffs had knowledge. Sedgw. on Dam. (6th ed.), 313, ch. 10; 2 Benj. on Sales, sec. 1305; *Chapman v. Ingram*, 30 Wis. 290; *Richardson v. Chynoweth*, 26 id. 656; *Hammner v. Schœnfelder*, 47 id. 455, 459.

ORTON, J. The respondents were engaged in quarrying and dealing in building-stone. The appellant had contracted to build a county jail for Milwaukee county. The respondents agreed to deliver to the appellant, in the city of Milwaukee, " all the building-stone needed or required by [him] in or about the erection or construction of said jail building, promptly and punctually, whenever [he] might want the same for such purpose, and without any delay on their part," at certain agreed rates. This action is for the recovery of the balance unpaid for the delivery of said stone. The appellant answered, among other things, by way of counterclaim, " that said plaintiffs have neglected and failed to perform said agreement on their part, in that they did not furnish and deliver such stone promptly and punctually when the same was wanted and needed by this defendant for such purpose, as they had agreed and bound themselves. to do, but compelled him to wait for such stone for an unreasonably long time after they had been requested and ordered by this defendant to deliver the same; that this defendant, at said times, as the plaintiffs well knew, was at work upon such building with a large number of men, and that by reason of such failure, fault, and neglect on part of said plaintiffs in not delivering such stone promptly and punctually, as they had so bound themselves and agreed to do, this defendant was actually and necessarily hindered and delayed in executing and completing such work, and

by reason of said premises suffered and sustained great loss of time, . . . and necessarily incurred an expense of about $400, in that he was compelled to and actually did procure and purchase such stone elsewhere, all of which to the great damage of this defendant, for which he claims the sum of four hundred dollars." The defendant prays that the plaintiffs' complaint be dismissed, and for judgment against the plaintiffs upon his counterclaim for $400 and costs. The plaintiffs replied to said counterclaim that they did deliver such stone as agreed and that the same was received by said defendant without objection. On the trial the respondents objected to any evidence of said counterclaim "because it does not state facts sufficient to constitute a counterclaim," and the court sustained said objection, and directed the jury to render a verdict for the plaintiffs for the amount of their claim. On this appeal the alleged error of sustaining the objection to any evidence of said counterclaim is the main ground urged for the reversal of the judgment, and it is unnecessary to consider any other. Those parts of the answer pertinent to this question have only been quoted. To sustain this ruling of the court, the respondents' counsel contends,—

1. That the counterclaim as to the breach and damages incurred thereby is too indefinite to constitute a substantive cause of action, and that it should allege with distinctness the nature of the damages sustained, and the definite damages sustained. In view of the well-established rule that on a demurrer *ore tenus* the pleading should be liberally construed, we think that this counterclaim states the main facts which would constitute an affirmative cause of action. It states that by the unreasonable delay the defendant suffered damages in the sum of $400, by loss of time and expenses. The building was delayed by it, and the defendant had many hands employed, and that he was compelled to procure stone elsewhere, etc. If, as to these facts, the

counterclaim is too indefinite and uncertain, the remedy is pointed out by the statute. A motion may be made to compel the defendant to make it more definite and certain. Sec. 2683, R. S.

2. That the counterclaim ought to state that the defendant was ready and willing to receive the stone at the proper time and to pay for the same. As to his being ready to receive the same, the defendant alleges that he particularly requested and ordered the delivery of the stone under the contract; and, as to his being ready to pay for the same, his contract is sufficient as to his liability and the plaintiffs' security for payment on delivery.

3. The *third* contention is the main one — that the answer shows that the defendant received the stone without objection, and had used them, so that they could not be returned; and·that therefore he could not counterclaim for damages for the delay. That which was recoupment in New York and some other states before the Codes, is now a counterclaim under the statute: (1) "A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." Sec. 2656, R. S. The doctrine of recoupment would seem to be most applicable to just such a case as this. "The right of the defendant in the same action to claim damages from the plaintiff, either because he has not complied with some cross-obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performance of the contract." *McAllister v. Reab*, 4 Wend. 483; *M'Allister v. Reab*, 8 Wend. 109; *Mayor v. Mabie*, 13 N. Y. 151; *Epperly v. Bailey*, 3 Ind. 72; *Robertson v. Davenport*, 27 Ala. 574; *Wheat v. Dotson*, 12 Ark. 699; *Culver v. Blake*, 6 B. Mon. 528; *Ward v. Fellers*, 3 Mich. 281; *Higgins v. Lee*, 16 Ill. 495. But there was a limitation to recoupment which does not exist in the statutory coun-

terclaim in this class of cases. The damages were limited to defeat the plaintiff's claim, and for no excess, and no action could be brought for the excess. At least it was so held in many of the states. The very nature of recoupment was such that, aside from it, the plaintiff might be entitled to recover; but against such recovery, the defendant might recoup his damages on account of the plaintiff's violation of the contract. It is peculiarly applicable to that class of cases where the plaintiff is bound to deliver certain material necessary to some work or engagement of the defendant, and which he well knows he must receive even long after the time fixed by the contract, or suffer far greater damages than by the mere delay of delivery. In such a case, the plaintiff may be entitled to recover on the ground that the defendant had received and used the material, and the defendant be entitled to recoup his damages suffered by the delay or any other violation of the contract by the plaintiff, to the extent of the plaintiff's claim. The substitution of the statutory counterclaim in such cases does not change its nature in these respects. This doctrine has been so long established in this state, we need not go to other states for authority.

In *Getty v. Rountree*, 2 Pin. 379, the plaintiff, as the manufacturer, contracted to deliver to the defendant a pump designed to exhaust water from a mine, and there was an implied warranty that it would answer the purpose for which it was intended; the defendant received and used the pump, and in an action for its price he was allowed to reduce it by his damages for its failure to work well by reason of its improper construction. The court says: "To return it and resort to an action for the recovery of their money paid, would have been but adding to their losses." The case of *Fisk v. Tank*, 12 Wis. 276, was decided upon the authority of the above case, and is especially applicable to this case. That was an action for breach of a contract to

make and set up on a steamboat, engines, etc., suitable for propelling the same, and for damages by delay and defective construction. The engine was received and used. One of the points made by the counsel in that case was that " the machinery was accepted and reduced to use by the plaintiff *without any sufficient notice that he would claim damages.*" That is the main point made by the respondents' counsel in this case. After that case, the doctrine ought to have been treated as settled for this state, for the arguments and opinion are very full and elaborate. This doctrine is equally favorable to the vendor, for where the contract is apportionable, as in this case, and after the delivery of part and on failure to deliver the whole, he may sue for the contract price of that already delivered, and the defendant may counterclaim his damages, against the plaintiffs' claim, for the violation of the contract in not delivering the whole. *Goodwin v. Merrill,* 13 Wis. 659. In *Ketchum v. Wells,* 19 Wis. 34, the contract was to deliver stave bolts to the defendants, to be manufactured into barrels. Those received and used were not of good quality, and the defendant was allowed to counterclaim his damages against the price of those delivered. The cases in this court cited by the learned counsel of the respondents to this point are not applicable to such a case. The plaintiffs knew for what purpose the stone they were to deliver was to be used, and are presumed to have known the consequences of the delay. This case is a strong one for the application of this doctrine. The defendant was compelled to receive the stone, although out of time, or suffer still greater loss. The objection to any evidence under the counterclaim ought to have been overruled, for the counterclaim was clearly sufficient.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded to the superior court of Milwaukee county for a new trial.