RACINE SHOE MANUFACTURING COMPANY, Respondent, vs. BADGER MANUFACTURING COMPANY, Appellant.

*September 30—October 18, 1904.*

*Sales: Entire contracts: Cause of action.*

1. Plaintiff's assignor entered into a contract with defendant whereby it was to manufacture and deliver a certain number of pairs of shoes for resale by defendant. The contract expressly provided that defendant should pay plaintiff's assignor "as soon as it shall receive pay for the same or any part thereof, . . . and will promptly pay said second party as soon as it shall receive any money on account of said contract." There was a failure to deliver all of the shoes contracted to be manufactured, but the defendant collected all of the moneys due for the shoes actually delivered. *Held*, that the provisions of the contract, as to payment, excluded the idea that a delivery of all the shoes was a condition precedent to recovery for any portion of the shoes delivered and accepted under the contract.

2. In such case, plaintiff had the right to maintain an action for the value of the portion delivered according to the contract, less the amount which might be due to defendant for disbursements and losses.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action to recover upon contract. It appears from the complaint that plaintiff, defendant, and the Jones-Earl Shoe Company are duly organized corporations. The complaint alleges that the defendant entered into a contract with the Jones-Earl Shoe Company on October 18, 1901, for the manufacture and sale by the latter of 20,000 pairs and up-wards of russet shoes for the use of the army of the United States, delivery thereof to be made in the city of Chicago, Illinois, to the quartermaster's department, under the defend-ant's contract with the government to furnish shoes. It is alleged that plaintiff's assignor, the Jones-Earl Shoe Com-pany, entered upon the performance of this contract, and caused the first 20,000 pairs provided for in the contract to be delivered at the quartermaster's warehouse as agreed; and that it furnished and delivered 2,544 pairs of shoes upon the demand of the government, under an option specified in the contract to call for an additional 4,000 pairs; that the defend-ant has received payment for these shoes at the contract price from the government, less the extra cost the government in-curred in purchasing the 1,456 pairs of shoes not furnished under the option agreement of the contract, which extra costs amounted to $262.08. It is averred that defendant received payment for the shoes delivered to the government by the Jones-Earl Shoe Company from time to time, and that de-fendant made payment to the Jones-Earl Shoe Company on account of these shoes, amounting to $40,500.95, and that there remains due plaintiff from defendant a balance of $7,123.09, after crediting defendant with the item of extra costs on the shoes bought by the government in the open mar-ket, as well as freight, telegram, and interest charges dis-bursed for the plaintiff. The complaint alleges another cause of action for money due on another contract for shoes which the Jones-Earl Shoe Company agreed to manufacture and furnish for the use of the army of the United States, to be delivered at its warehouse in Boston, Massachusetts, under a

contract between defendant and the government. The complaint sets forth the agreements pertaining to this delivery of shoes between defendant and the government and between defendant and the Jones-Earl Shoe Company, wherein the quantity of shoes, the kinds and prices thereof, were specified; and that plaintiff's assignor, the Jones-Earl Shoe Company, has furnished and delivered most of the shoes as required for which defendant received pay under the contract, and that defendant had paid on account of such delivery to the Jones-Earl Shoe Company on this contract the sum of $14,200, and that there is due the plaintiff, after allowing defendant the items of freight advanced by it, the loss incurred by reason of the nondelivery of 2,157 pairs of shoes contracted for, and some other disbursements chargeable to plaintiff, the sum of $539.17, for the goods delivered by Jones-Earl Shoe Company and accepted by the defendant. It was expressly stipulated, as shown in the complaint, in reference to payment on these contracts, as follows:

"It is further agreed that first party shall pay for said shoes to said second party as soon as it shall receive pay for the same or any part thereof, . . . and will promptly pay said second party as soon as it shall receive any money on account of said contract."

Defendant demurred to the two causes of action upon the ground that it appears upon the face of such alleged causes of action that they do not state facts sufficient to constitute causes of action. The court overruled the demurrer, and this is an appeal from the order.

For the appellant there were briefs by *Kronshage & McGovern,* and oral argument by *Theo. Kronshage.*

For the respondent there was a brief by *Cooper, Simmons, Nelson & Walker,* and oral argument by *J. B. Simmons.*

SIEBECKER, J. The demurrer to the two causes of action alleged in the complaint calls for an interpretation of the contracts upon which plaintiff relies for a recovery. The defend-

ant insists that plaintiff is precluded from enforcing payment for any of the goods delivered under the contracts, because its assignor omitted to perform its part of the contracts by failing to manufacture and deliver all the shoes called for in the agreements. This claim is made on the ground that the agreements clearly show and express the intention that nothing should become due under the contracts for a delivery of any portion of the goods; in other words, it is asserted that the parties contemplated full performance in furnishing the goods called for as a condition precedent to recovery on the contracts. The contracts, however, provide for the payment of the goods delivered under them. It is stipulated that the defendant should pay for shoes furnished by plaintiff's assignor as soon as it should receive pay for the same, or any part thereof, and that it would promptly pay as soon as it should receive any money on account of the contracts. The terms of this stipulation are plain, and clearly indicate that payment should be made immediately upon the delivery and acceptance of any part of the goods, and *as soon as defendant received any money on account thereof from the government.* This manifestly excludes the idea that a delivery of all the goods was a condition precedent to recovery for any portion of the goods delivered and accepted under the contract. The parties seem to have so understood the agreements.

It is alleged that defendant made payment on goods delivered. Though the complaint does not show that these payments were apportioned to the quantity of goods delivered or money received from the government on account thereof, presumably they were made as contemplated by the stipulations, which required defendant to pay for them, or any part, promptly upon receipt of any money on account thereof. It is evident that they understood payments were to be made in instalments as delivery progressed. Under such terms of the agreement the failure to deliver a part of the goods does not absolve defendant from liability for the goods delivered, and

accepted by the government; and when it refused to pay plaintiff had the right to maintain an action for the value of the portion delivered according to the contracts, less the amounts found due defendant for disbursements and losses as specified in the complaint.   2 Mechem, Sales, § 1163; *Hoffman v. King,* 70 Wis. 372, 36 N. W. 25; *Schweickhart v. Stuewe,* 71 Wis. 1, 36 N. W. 605; *Goodwin v. Merrill,* 13 Wis. 658; *Jacobs v. Spalding,* 71 Wis. 177, 36 N. W. 608; *Ornstein v. Yahr & L. D. Co.* 119 Wis. 429, 96 N. W. 826.

*By the Court.*—The order overruling the demurrer is affirmed.

DODGE, J., took no part.