|     |     |
| --- | --- |
| 42  | 81  |
| 78  | 535 |
| 42  | 81  |
| 116 | 478 |
| 42  | 81  |
| 136 | 739 |

## HALE v. PHILBRICK.

1. **Vendor and Vendee:** FRAUDULENT REPRESENTATIONS. The purchaser of an interest in goods has the right to rely upon the seller's representations that he is the owner thereof, and he is not negligent if he fail to test the correctness of such representations.

2. ———: ———: LIABILITY OF VENDOR. The liability of the vendor arises from his own fraud and falsehood, and is not affected by the question of diligence upon the part of the vendee.

*Appeal from Woodbury Circuit Court.*

TUESDAY, DECEMBER 14.

ACTION to recover for false and fraudulent representations, made by the defendant, as to the extent and amount of his interest in a stock of groceries owned by himself and another as partners, which was sold by him to plaintiff. The cause was sent to a referee, and upon his report judgment was rendered for defendant. Plaintiff appeals.

*Joy & Wright*, for appellant.

In examining questions of fraud, all circumstances attending the transaction may be inquired into. (*McNorton v. Akers*, 24 Iowa, 368; *Price v Mahony*, 24 Id., 582.) Fraud accompanied with damage is a good cause of action, (2 Kent, 638), and where a purchaser buys reasonably relying upon the representations of the seller, their falsity entitles him to rescind or to recover damages. (*Mattoch v. Todd*, 19 Ind., 130; *Bondurant v. Crawford*, 22 Iowa, 47; *Hazard v. Irwin*, 18 Pick., 105; *Foster v. Charles*, 6 Bingham, 396; *Lord v. Goddard*, 13 Barb., 196; *Smith v. Mitchell*, 6 Geo., 458.) The vendee is put upon inquiry only when he learns facts inconsistent with the vendor's statements. (*Mattoch v. Todd, supra; Bondurant v. Crawford, supra; Gordon, Nolan & Co. v. Cain*, 3 Allen, 261.) One who has misled another by false representations cannot be heard to say that the other could have known the truth by proper inquiry. (Kerr on Fraud and Mistake, 79.)

*Pendleton & Bailey*, for appellee.

Beck, J.—The plaintiff purchased of defendant his interest in a stock of groceries, owned by a firm of which defendant was a member. The defendant represented his interest to be $1,000 more than it really was, and stated that he had put in the firm a sum named, when in fact $1,000 of that sum was loaned to his partner. The interest purchased by plaintiff was less, by that amount, than he was induced to believe by the representations of defendant. To recover the loss and damage sustained by these fraudulent representations plaintiff sues.

The referee reported the following conclusions of fact:

"1. The defendant represented to plaintiff that he had $2,850 in the grocery business of Gilbert & Philbrick, well knowing that $1,000 of it was a loan to his partner Gilbert, and for which he held Gilbert's notes, and that said $1,000 was put in as Gilbert's capital stock and not Philbrick's.

"2. That plaintiff did not purchase relying upon the rep-

resentation of defendant as to his interest, and that plaintiff did not use due diligence to ascertain the truth or falsity of the representations made by defendant."

A third finding is in regard to the wrongful suing out of the attachment, which need not be given, as no question arises thereon in the view we take of the case.

As a conclusion of law the referee reported that plaintiff was not entitled to recover.

I. We think the first conclusion of fact is sustained by the evidence, which would warrant no other finding for it was direct and positive as to the false representations.

We think that part of the second finding, to the effect that plaintiff did not rely upon the false representations of defendant, is utterly unsupported by the evidence. Plaintiff testifies positively that he did rely upon them, and there is not a word of evidence to the effect that he had any knowledge upon the subject except what he derived from defendant. Every circumstance of the case bearing upon this point supports the evidence of plaintiff.

II. The representations of defendant were peculiarly, but not exclusively, in his own knowledge. Plaintiff had an opportunity to test the truth of these representations, but by failing to do so did not thereby discharge defendant of liability for his falsehood and fraud. The representations were such as related to defendant's interest, property, in the goods of the firm. Plaintiff was justified in relying upon them. If one sells goods, the purchaser surely can rely upon the seller's representations that he owns them, and is not required to make inquiry as to the extent of the seller's property in the things sold. The same rule would apply if the seller should transfer an interest, claiming to be but a joint owner with another. Such representations go to the interest, the property, of the seller. So, in this case, the plaintiff was justified in relying upon the representations as to the interest, the amount of property, sold. Defendant would be liable even if plaintiff made no effort to discover the truth of defendant's representation. We are not inclined to encourage falsehood

*1. VENDOR and vendee: fraudulent representations.*

*2. ——: ——: liability of vendor.*

and dishonesty, by protecting one who is guilty of such fraud, on the ground that his victim had faith in his word, and for that reason did not pursue inquiries that would have declared the falsehood. The finding, therefore, that plaintiff did not use diligence to ascertain the truth of defendant's representations is immaterial, as it is not of a fact that defeats plaintiff's right to recover. See *Bondurant v. Crawford*, 22 Iowa, 40; *Gordon, Nolan et al. v. Cane*, 3 Allen, 261.

In our opinion the Circuit Court erred in not sustaining plaintiff's motion to set aside the report of the referee, as to the second finding of facts.

The cause is reversed and remanded, for such proceedings as are required by law.

REVERSED.