## GARDNER v. TRENARY.

1. **Sale of Patent-right:** FALSE REPRESENTATIONS: DEED PROCURED BY SET ASIDE. The law will not allow one committing a fraud to protect himself by the claim that his victim was easily deceived, and did not act in the matter with reasonable prudence; and so, in this case, where the evidence (see opinion) shows that defendant, by false representations as to the value and utility of a patent-right, and by fraudulent devices in exhibiting it, induced plaintiff, in exchange for an interest in the right, to convey to him his house and lot, *held* that the deed should be set aside.

*Appeal from Plymouth District Court.*

WEDNESDAY, APRIL 8.

THIS is an action in equity, by which the plaintiff seeks to set aside and annul a conveyance of a house and lot, made by the plaintiff to the defendant. The alleged consideration of the conveyance was a transfer by defendant to plaintiff of the right to vend and sell a certain patent-right in certain counties in this state, and in Ross county, in Ohio. It is alleged in the petition, in substance, that the patent-right was worthless, and that the defendant falsely and fraudulently represented it to the plaintiff to be a valuable invention, and warranted it to be a useful and efficient contrivance, and that, by reason of the said false and fraudulent representations and warranty, the plaintiff was induced to convey the house and lot to the defendant. There was a trial upon the merits, and a decree was entered for the plaintiff, and defendant appeals.

*Struble, Rishel & Sartori,* for appellant.

*Argo, Kelly & Augir,* for appellee.

ROTHROCK, J.—I. The case is triable anew in this court. An examination of the evidence shows that it took a very wide range. The fact is well established that the defendant was proprietor of a patent-right, which consisted of a contrivance designed to be used to attach a walking plow to a sulky

cultivator, so as to make a sulky plow of the combination. During the spring, summer and fall of 1882, the defendant was engaged in the northwestern part of the state in disposing of the right to sell his patent in such territory as he could. He had a sulky cultivator with his patent attached, and he exhibited it at various places, and tested it in the presence of those to whom he proposed to sell territory. The plaintiff introduced evidence of alleged fraudulent sales made to others. This evidence was objected to in the court below, and we are asked to disregard it in the decision of the case in this court. It is, perhaps, correct that evidence of other fraudulent sales is not admissible for the purpose of showing that the sale to the plaintiff was effected by the fraud of the defendant.

II. It is insisted that the representations made by defendant were mere words of commendation or expressions of opinion as to the quality of his contrivance. In answer to this, we think it is enough to say that the evidence satisfies us that the defendant induced the plaintiff to enter into the contract by such false representations as the law regards as sufficient to avoid a contract, and that his representations were of such a positive character as to amount to a warranty.

III. It is insisted that a motion made by the defendant to exclude certain depositions should have been sustained. This motion was based upon the ground that said depositions were taken by the plaintiff after the time fixed by an agreement of the parties within which the taking of testimony should be closed. There was no error in this ruling, because the record shows that the court gave the defendant ample time to take additional evidence after the motion was disposed of, and before the trial.

IV. We will not review the testimony of the witnesses. It is not our practice to do so. The evidence in this case establishes about the following state of facts: The patent-right in question was a worthless contrivance, by the sale of which the defendant succeeded in deceiving and defrauding the

plaintiff. His invention could not be made to work on any
ordinary sulky cultivator, as he claimed and represented it
could. It required a great weight upon the end of the
tongue to hold it down, and in testing it he deceived his vic-
tims by using an iron neck-yoke, weighing from forty to
sixty pounds, which was painted so as to resemble wood.
He hired and paid men to assist in defrauding their neigh-
bors. It is claimed that, as the plaintiff saw the machine
tested, his eyes were his market, and that he had no right
to rely upon any representations. It is a matter of wonder
that some people have not learned that a useful and valuable
invention is not hawked about the country and sold by coun-
ties and townships, and payment taken in all sorts of unsal-
able property. But the law will not allow one committing
a fraud of this kind to protect himself by the claim that his
victim was easily deceived, and did not act in the matter
with reasonable prudence.

AFFIRMED.