J. C. EVANS and J. H. GALLOP, v. TYNDALE PALMER and C. W. STEVENS, Appellants.

**Sales:** FRAUD: DUTY OF SELLER TO DISCLOSE KNOWLEDGE. Where plaintiffs knew at the time they sold certain mills to defendants with the right to operate them in milling dumps supposed to contain ore, that the dumps were valueless, that the mills could nòt be operated at a profit and that defendants relied on their representations to the contrary, it was plaintiffs' duty to disclose their knowledge of the entire matter, although no special skill was necessary to discover the worthlessness of the property.

**Same:** FALSE REPRESENTATIONS: *Caveat emptor:* KNOWLEDGE OF FRAUD. Where the seller of property prevents the purchaser's independant inquiry concerning its utility, the rule of *caveat emptor* does not apply and the seller is bound by his representations; and a seller who asserts a fact as true of his own knowledge is liable for its falsity irrespective of his knowledge thereof.

*Appeal from Washington District Court.*— HON. JOHN T. SCOTT, Judge.

MONDAY, FEBRUARY 17, 1908.

SUIT on a promissory note. Defense and counterclaim, based on fraud· and false representations in the sale of property, for which the note was given as part payment. There was a directed verdict for the plaintiffs' from which the defendants appeal.—*Reversed.*

*Eicher & Livingston,* for appellants.

No appearance for appellee.

Sherwin, J.— The note sued on was given for a part of the purchase price of two tailing mills and a right under a lease to use and operate them in milling from dumps and deposits supposed to contain lead and zinc ore. As a defense to the note, and as the basis of a counterclaim to recover back money already paid on the purchase, the defendants alleged that the plaintiffs made false and fraudulent representations to them as to the quality, quantity, and value of the ore which could be taken from said dumps and deposits. The evidence tended to show that the plaintiffs, and others who were associated with them in the business, had been operating the mills in extracting ore from dumps and deposits on the land covered by this lease for some time prior to the sale, and that they were all experienced and skilled in all of the matters relating thereto, including the quality and quantity of ore in all of said dumps and tailings, and the value of the same, and the profit to be made therefrom in operating the mills sold to the defendants. They represented to the defendants that they had personally investigated and tested the quantity and quality of said dumps and tailings, and that all of the dumps and tailings on said tract were rich and abundant in lead and zinc ore; that there were sufficient dumps and tailings on said premises rich and abundant in such ore to operate the mills sold to the defendants at a profit of from $500 to $700 per month for a period of at least seven years, the life of their lease. The evidence also showed that the defendants were, at the time of the purchase, wholly without any knowledge of, or skill or experience in, the business; that they relied solely upon the representations made to them by the defendants; and that such representations were false, and so known to be by the plaintiffs.

Even though no special skill was necessary to discover the valueless condition of the property sold to the defendants, if they were in fact ignorant of its true condition and value,

if the plaintiffs, because of their operation of the mills, did

**1. SALES: fraud: duty of seller to disclose knowledge.** know of its true condition and value, and further knew that the defendants relied upon their representations, it then became their duty to disclose truthfully their knowledge of the entire matter. Whether this was or was not done was a question for the jury. *McDowell v. Caldwell,* 116 Iowa, 475; *Gardner v. Trenary,* 65 Iowa, 646; 9 Cyc. 415. A vendor is bound by his representations as to the quality and condition of his property, when it is understood between him and the purchaser that the purchaser does not rely upon his own knowledge or examination, but relies upon the statements made to him by the vendor. *Hansen v. Kline,* 136 Iowa 101; *Dorr v. Cory,* 108 Iowa, 725.

There is also evidence showing that the plaintiffs prevented an inquiry and investigation independent of them; and, when such is the case, the rule of *caveat emptor* does

**2. SAME: false representations caveat emptor: knowledge of fraud.** not apply, and the vendor is bound by his representations. 20 Cyc. 61; *Riley v. Bell,* 120 Iowa, 618. And, again, when one asserts a fact as true of his own knowledge, he is liable for its falsity, whether he in fact had knowledge thereof or not. *Riley v. Bell, supra; Gund Brewing Co. v. Peterson,* 130 Iowa, 301.

This was a case for the jury, and the court erred in directing a verdict for the plaintiffs.—*Reversed.*