CHARLES W. KENISTON, Appellant, v. A. L. TODD, Appellee.

Sales: BREACH OF WARRANTY. Where the evidence fairly tends to
1  show a warranty that machinery is in good condition and capable of doing good work, also a breach of the warranty and that the same was of little value, the case should be submitted.

Breach of warranty: WAIVER: PARTIAL PAYMENT. Full payment of
2  the price of machinery with knowledge of a breach in the warranty may raise a presumption of waiver of the breach, but a partial payment is not conclusive of the right of the purchaser to counterclaim for damages for the breach, against an action by the seller for the unpaid portion of the purchase price.

Same: FAILURE OF CONSIDERATION: SUBMISSION OF ISSUE. Where the
3  pleadings and evidence tend to show that machinery is of substantial value, though not worth the contract price, it is error to submit the question of total failure of consideration; especially where there was no attempt at rescission and it also appears, as in the case of a threshing outfit, the trouble was with the engine and not the entire outfit.

**Argument:** MISCONDUCT. Where a party has withdrawn a counter-claim for damages and for malicious criminal prosecution prior to the trial, it is improper to comment thereon in argument to the jury; but where the trial court sustains an objection to such a line of argument a reversal will not ordinarily be ordered on that ground alone.

**New trial.** Where the court on a motion for new trial sets the verdict aside because excessive, it has no authority to proceed and determine the issues which are triable to a jury and enter a judgment according to its own ideas of justice, but should grant a new trial.

*Appeal from Sioux District Court.*— HON. WM. HUTCHIN-SON, Judge.

FRIDAY, SEPTEMBER 25, 1908.

ACTION at law to recover upon promissory notes given for the price of a threshing machine. Answer admitting the making of the notes and pleading payment, and counter-claim for damages or breach of warranty. Verdict and judgment for defendant on his counterclaim, and plaintiff appeals.— *Reversed.*

*C. A. Plank* and *W. D. Boies,* for appellant.

No argument for appellees.

WEAVER, J.— I. Appellant questions the sufficiency of the evidence to sustain a finding for the defendant; but the point is not well taken. The testimony on part of appellee

1. SALES: breach of warranty.   fairly tends to show a warranty that the machine was in good condition and capable of doing good work. It also tends to show a breach of the warranty, and that the machine was of comparatively small value. There was no error, therefore, in submitting the case to the jury.

II. The appellee having conceded on the trial that he

made certain partial payments on the notes after he discovered the defective condition of the machine, counsel argue

**2. BREACH OF WARRANTY: waiver: partial payment.** that this conduct operates as a waiver of the right to plead the breach of warranty as a basis of a counterclaim for damages. No authority is cited holding to this doctrine. Payment of the purchase price, especially full payment, after knowledge of the breach of warranty, may raise a presumption or inference, though not conclusive, against the validity of the demand for damages; but, in the absence of some other controlling circumstances the mere fact that the purchaser has made partial payment of the price has never been held to waive his right to a counterclaim for damages for breach of warranty in an action against him by the seller for the unpaid remainder of such price. Certainly the waiver or presumption of settlement, if one exists, does not eliminate his right to set off his damages to the extent at least of the balance due on the contract price. *Gilmore v. Williams,* 162 Mass. 351 (38 N. E. 976); *Osborne v. Marks,* 33 Minn. 56 (22 N. W. 1); *Nauman v. Ullman,* 102 Wis. 92 (78 N. W. 159); *McClure v. Williams,* 65 Ill. 390. The case of *Berthold v. Seevers Mfg. Co.,* 89 Iowa, 506, cited by counsel, does no more than announce the familiar rule that where property is delivered to the purchaser pursuant to an executory contract previously made, and it obviously fails to comply with the terms of the agreement, the purchaser will be held to waive the objection if he does not refuse to accept the property tendered to him. But such rule is not applicable to the case now being considered.

III. Under the instructions of the court, the jury were allowed to find the threshing machine to have been worthless, and therefore that the consideration for

**3. SAME: failure of consideration: submission of issue.** the notes had wholly failed; and this we may infer from the verdict is what the jury did in fact find. The evidence did not justify such instruction. Neither the defendant himself nor any of

his witnesses undertakes to say that the entire outfit was worthless. On the contrary, their testimony fairly construed shows that it had some substantial value. The defendant, according to his own story, used the machine throughout a threshing season of forty-five, or fifty days, and, while he had more or less trouble with it from the start, he went from place to place doing threshing for different parties, and in but one instance had to abandon the job unfinished. In his pleading he practically admits the machine to have been worth $200, and in his testimony, if we understand it, he places the value at $500, or $400 less than he agreed to pay. He never rescinded or offered to rescind the purchase, and appears never to have made any serious complaint to the appellant until after this suit was brought. The evidence also tends to show that the source of most of the trouble with the machine was in the engine, and not with the outfit as a whole. Under this condition of the record, we think the allegation of the worthlessness of the machine should not have been submitted to the jury.

IV. Error is assigned upon the alleged misconduct of the appellee's counsel in the argument to the jury. Appellee had pleaded a counterclaim for damages on account of

4. ARGUMENT: misconduct.

an alleged wrongful attachment and for malicious criminal prosecution, but these matters were dismissed by him before the trial, and were, therefore, not legitimate subjects for discussion to the jury. Notwithstanding such withdrawal, counsel in addressing the jury took occasion directly and by *innuendo* to repeatedly denounce the appellant as a person who used the criminal laws of the State for the collection of a debt. As the court appears to have sustained the appellant's objection to this line of argument, we would not be disposed to reverse the case on that ground alone, but we think it proper to say that the conduct of counsel in this respect is indefensible. The matter thus forced upon the attention of the jury was neither in issue nor in evidence, and was well calculated to

poison the minds of the jurors against the appellant. No lawyer should permit himself to seek such unfair advantage.

V. As already stated, the purchase price of the machine was $900. Of this defendant paid $100 down, and for the remainder he gave the notes in suit. On these notes he had paid $50 in cash, and threshed grain for the appellant's partner to the amount of $65.68, which it was agreed should be applied as a payment on this debt. There is a dispute as to an additional payment of $50 which appellee claims to have made. It also appears in cross-examination of appellant that he had seized and sold the machine under the mortgage given to secure the notes, and realized therefrom the net sum of $205. The jury returned a verdict in favor of defendant for $440.-37. The plaintiff having moved for a new trial, the court made and entered of record an order in the following form: " The court overrules the motion, but the court hereby sets aside said verdict, and holds that defendant is not entitled to recover anything thereon of the plaintiff, except judgment for costs. And the said verdict is hereby set aside and vacated and reduced, except that judgment is now entered against plaintiff for costs of this action taxed at $109.54." This entry is not very clearly expressed, but, as we interpret it, the court overruled appellant's motion for a new trial, and then on its own motion modified the verdict which had been returned for appellee for $440.37 into a general verdict in his favor without any affirmative recovery of damages, and charged the costs of the case to the appellant. This order may have worked ideal justice, but we are unable to find legal justification therefor. The appellee confessedly owed the amount of the notes subject to reduction by the amount of damages he might be entitled to for the alleged breach of warranty. The amount of such damages was essentially a matter for the determination of the jury. The finding of the jury in that respect was evidently excessive and was therefore properly set aside, but the authority of the

5. NEW TRIAL.

court to set aside the verdict does not carry with it the authority to substitute its own judgment for that of the jury and assess the damages sustained by the appellee. After the setting aside of the verdict, a new trial should have been ordered.

The judgment appealed from is therefore *reversed.*