J. H. HISE, Appellant, v. G. G. THOMAS et al., Appellees.

FRAUD: Acts Constituting—Opinions and Value. A positive assertion of value, made by one who knows the value, for the purpose of being relied on *as a fact* by one who does not know the value, *may be relied on,* and a recovery of damages had if the assertion be knowingly false, even though the property was open to the *free inspection* of the one so relying.

FRAUD: Acts Constituting—Assertion of Value—Reliance—Jury Question. Record reviewed, and held to present a jury question on the issues: (a) Whether certain assertions of value were made for the purpose of inducing reliance thereon; and (b) whether the purchaser did rely thereon.

FRAUD: Acts Constituting—Value of Good Will of Business. Naked assertions of the value of the "good will" of a business are matters of opinion, and may not be relied on.

FRAUD: Acts Constituting—Assertion of Value—Reliance—Jury Question.

*Appeal from Polk District Court.*—LAWRENCE DeGRAFF, Judge.

NOVEMBER 17, 1917.

ACTION for damages on account of alleged deceit in the exchange of property. Motion to withdraw some of the issues from the jury was sustained. Verdict for plaintiff for $700. Plaintiff appeals.—*Reversed.*

*John McLennan* and *George E. Hise,* for appellant.

*C. W. Lyon,* for appellees.

STEVENS, J.—Plaintiff, who was the
owner of 480 acres of land in Woolworth
County, South Dakota, encumbered by a
mortagage of $8,000, on or about May 5,
1915, entered into a contract in writing with the defendants,
by the terms of which he agreed to convey said real estate,
subject to said mortgage, to the G. G. Thomas Company,
in consideration of the sale and delivery to him of a certain
stock of hardware, barber supplies, tools, office and stock
fixtures, good will, trademarks, patents, book accounts, in·
surance policies, and everything in connection with the said
business, which was located in the city of Des Moines.
Plaintiff traded the real estate upon a net value of $20,000.
He alleges in his petition and amendment thereto that de-
fendant stated and represented to him that the stock of goods
and other property above mentioned were of the reasonable
value of $20,000; that the hardware and barber supplies were
of the value of $8,000, book accounts, $3,500, store front,
$1,000, furniture and fixtures, $2,500, patents, trademarks
and good will, $5,000; but that, in truth and fact, said state-
ments were false, and that the stock of merchandise and
barber supply goods were not worth to exceed the sum of
$5,300; that the value of the furniture and fixtures did not
exceed $1,000; that the patents, trademarks and good will
were of no value; and that the book accounts were old, some
of the accounts barred by the statute of limitations, and a
large part uncollectible. As to this item, it is claimed that
defendant represented that they were all current accounts,
collectible, and worth within 10 per cent of their face value.
Plaintiff asked damages in the sum of $12,000. The answer
of defendant was a general denial.

The court withdrew all the issues from the jury except
the allegations of plaintiff's petition relative to the store
front and the book accounts, upon the grounds that the re-
maining allegations of plaintiff's petition were statements

1. FRAUD: acts
constituting:
opinions and
value.

only of opinions on the part of defendant; that the evidence wholly failed to show that defendant was actuated by fraudulent purposes or design in making the statements; and that, if false, the falsity thereof was unknown to him.

The plaintiff claimed, in his testimony, that he had always been a farmer, had no knowledge or information whatever concerning the character or value of the stock of barber supply goods or hardware; that he knew nothing about bookkeeping, and that he believed and relied upon the statements and representations of defendant as to the value of all the property above referred to; that the defendant Thomas was in charge of the store and business, the books of account, patents, copyrights and all other property purchased; that his statements as to the value thereof were positive; and that plaintiff could not, by a personal investigation and examination of the stock, have informed himself as to the truth of defendant's statements. Evidence was offered tending to show that defendant had rearranged the accounts in question upon his books, for the purpose of deceiving at least an inexperienced person in the examination thereof. The defendant denied absolutely that he made any statements or misrepresentations of any kind or character to the plaintiff as an inducement to the exchange of properties, and asserted that plaintiff visited the store, and had ample opportunity to examine the stock and fully determine its value for himself. The plaintiff did employ a hardware merchant, with whom he was well acquainted, to examine the stock of hardware, but made no examination of the barber supply stock, patents or trademarks. The fixtures were in the room and in no wise concealed from plaintiff, but he claims to have had no knowledge as to the value thereof.

The only question presented for decision upon this appeal is whether there were other issues that should have been submitted to the jury by the court. The well known rule of permitting the vendor to indulge in extravagant praise

of his wares as an inducement to the buyer to purchase has been greatly restricted by the more recent decisions of courts throughout the country, and expressions and representations of value are not always treated as matters of opinion only. The opportunity of each of the parties to know the facts, the information actually possessed by the seller and the lack thereof upon the part of the buyer must be taken into consideration. If the parties have equal opportunity to know the facts, and the circumstances are such that the buyer could not reasonably have relied upon the statements and representations of the seller as to value, he will not have a right to rely thereon; but if statements or representations of value are positive and as of a fact, and are so understood and received by the buyer, the same will be so treated, and, if false, may support an action for fraud. The rule was stated by this court in *Hetland v. Bilstad,* 140 Iowa 411, as follows:

"But, as was observed in the case last cited, causes may arise where such representations will be regarded as statements of fact. Parties in negotiating deals have the right to exalt the value or quality of their own property to the highest point credulity will bear, provided their efforts in this line go no further than puffing or praise which the vendor may properly indulge in; but statements of value or of quality may be made with the purpose of having them accepted as of fact, and, if this is done and so relied on, they are to be treated as the parties designed they should be, namely, representations of fact."

This statement of the law has been repeatedly approved by this court. *Shuttlefield v. Neil,* 163 Iowa 470; *Fulton v. Fisher,* 151 Iowa 429; *New York Brokerage Co. v. Wharton,* 143 Iowa 61; *Evans v. Palmer,* 137 Iowa 425; *McDowell v. Caldwell,* 116 Iowa 475; *Gardner v. Trenary,* 65 Iowa 646; *Bennett Sav. Bank v. Smith,* 171 Iowa 405; *Van Vliet Fletcher Auto. Co. v. Crowell,* 171 Iowa 64; *Ross*

v. *Bolte,* 165 Iowa. 499. See also *Wilson v. Carpenter's Admr.,* (Va.) 21 S. E. 243; *Whiting v. Price,* (Mass.) 51 N. E. 1084; *Crompton v. Beedle,* (Vt.) 75 Atl. 331.

2. FRAUD: acts constituting: assertion of value: reliance: jury question.

Some of the cases cited involve representations respecting the value of real estate situated at a distance, and where the seller had a much better opportunity to know the truth than the buyer; but the rule is not applicable to transactions of this character alone. In the case at bar, the value of the Dakota land was apparently fixed by the contract and accepted as $28,000, subject to the encumbrance thereon. It is claimed by plaintiff that defendant made a detailed statement of the value of the stock to his agent in Des Moines, who had in turn repeated the same to plaintiff, for whom he was also agent for the purpose of disposing of the Dakota land. The agent testified that the statements made by him to plaintiff were obtained from the defendant. Defendant was in possession of the stock of goods and the management of the business, and necessarily knew and understood the character and value thereof much better than the plaintiff; but it is claimed, on behalf of defendant, that plaintiff had an opportunity to fully inspect and examine the stock and all of the property described, and that defendant did nothing to prevent him from doing so. It was a question of fact for the jury to say whether the statements and representations of defendant which plaintiff claims were made were false and known at the time to be false; whether they were made with the intention of having the plaintiff believe them; and whether he did believe and rely thereon, as above stated. Defendant must have known whether the statements made by him as to the character, quality and value of the property in question were true. Plaintiff was not required to disregard the representations of de-

fendant or seek other means of ascertaining the truth of
positive statements of fact made by him.

Mr. Justice Caldwell, in *Strand v. Griffith,* 97 Fed. 854,
said:

"There is no rule of law which requires men in their
business transactions to act upon the presumption that all
men are knaves and liars, and which declares them guilty
of negligence and refuses·them redress whenever they fail
to act on that presumption. The fraudulent vendor cannot
escape from liability by asking the law to applaud his
fraud and condemn his victim for his credulity."

The rule, as stated in *Maxfield v. Schwartz,* (Minn.)
47 N. W. 448, is as follows:

"While, in the ordinary business transactions of life,
men are expected to exercise reasonable prudence and not
to rely upon others with whom they deal to care for and
protect their interests, this requirement is not to be carried
so far that the law shall ignore or protect positive, inten-
tional fraud successfully practiced upon the simple-minded
or unwary. As between the original parties, one who has
intentionally deceived the other to his prejudice is not to be
heard to say, in defense of the charge of fraud, that the
innocent party ought not to have trusted him."

This court, speaking through Mr. Justice Beck, in *Hale
v. Philbrick,* 42 Iowa 81, said:

"We are not inclined to encourage falsehood and dis-
honesty by protecting one who is guilty of such fraud, on
the ground that his victim had faith in his word, and for
that reason did not pursue inquiries that would have dis-
closed the falsehood."

*Hale v. Philbrick,* supra, is cited with approval in
*Holmes v. Rivers,* 145 Iowa 702. See also *Mt. Hope Nurser-
ies Co. v. Jackson,* (Okla.) 128 Pac. 250; *Whiting v. Price,*
supra; *Mabardy v. McHugh,* (Mass.) 88 N. E. 894; *Crane
v. Elder,* (Kans.) 29 Pac. 151; *Westerman v. Corder,* (Kans.)

119 Pac. 868; *Handy v. Waldron,* (R. I.) 29 Atl. 143; *Cottrill v. Crum,* (Mo.) 13 S. W. 753; *Bowe v. Gage,* (Wis.) 106 N. W. 1074; *Crompton v. Beedle,* (Vt.) 75 Atl. 331.

3. FRAUD: acts constituting: value of good will of business. Without expressing an opinion upon the merits of any of the matters of fact involved in this case, it may be said that the good will of a business has been defined to be merely a hope grounded on the probability that old customers will resort to the old place and continue their patronage. *Kennebec Water Dist. v. City of Waterville,* (Me.) 54 Atl. 6; *Didlake v. Roden Grocery Co.,* (Ala.) 49 So. 384; *Bloom v. Home Ins. Agency,* (Ark.) 121 S. W. 293; *Haugen v. Sundseth,* (Minn.) 118 N. W. 666.

Expressions of the value of the good will of a business, without statements or representations of other matters of fact necessarily included therein and going to make up the good will thereof, are of a character so indefinite and uncertain that same must necessarily usually be regarded by any man of business experience as largely matter of opinion, and not of fact. *Pigott v. Graham,* (Wash.) 93 Pac. 435.

4. FRAUD: acts constituting: assertion of value: reliance: jury question. We think that the court withdrew issues from the jury that should have been submitted. It cannot be said, as a matter of law, that alleged statements and representations in fact made by the defendant were not intended to be received, believed and acted upon by the plaintiff as the statement of facts, or that the plaintiff did not so receive the same and act thereon. These were matters of fact, and should have been submitted to the jury under proper instructions. *Shuttlefield v. Neil,* supra; *Evans v. Palmer,* 137 Iowa 425; *Gee v. Moss,* 68 Iowa 318.

For the reasons pointed out, the judgment of the lower

court is reversed and the cause remanded.—*Reversed and remanded.*

Gaynor, C. J., Weaver and Preston, JJ., concur.