Farmers State Bank, St. Olaf, Iowa, plaintiff-appellee, v.
Faye A. Cook, defendant-appellee, and Truckers
Discount Corporation, Sumner, Iowa,
defendant-appellant.

Faye A. Cook, cross-petition appellee, v. Truckers Discount
Corporation, cross-petition appellant.

No. 49887.

(Reported in 103 N.W.2d 704)

943

JUNE 14, 1960.

William B. Mooney, of Waverly, for appellant Truckers Discount Corporation.

C. F. Neylan, of Elkader, for appellee Farmers State Bank.

Hart & Hart, of Elkader, for cross-petition plaintiff-appellee Faye A. Cook.

LARSON, C. J.—This suit in equity involves the efforts of two parties to foreclose notes and mortgages on a 1950 Dorsey

34-foot refrigerated trailer purchased on July 9, 1957, by defendant buyer Cook from defendant seller Truckers Discount Corporation. The plaintiff Farmers State Bank's mortgage was second, but was taken as a result of seller's representation at the time of the sale that the trailer was a 1953 model. The factual situation appears more complicated than the law involved.

The issues placed before us in this appeal are: (1) Was there in fact a breach of warranty by seller; (2) if so, what, if any, was the available remedy chosen by buyer; and (3) under the facts disclosed by the record, was the judgment of the court correct?

■ The finding of the trial court that there was a breach of an express warranty by the seller, that the buyer elected the remedy provided by section 554.70(1a), and that the act of the seller in repossessing the trailer was not justified due to the difference in value of a 1953 trailer as warranted and the 1950 model delivered, was correct. The testimony on the part of the buyer, and for the most part uncontradicted by the seller, fairly tends to sustain the court's findings of fact on those issues. While we are not bound by the findings of fact of the trial court here, nevertheless such findings based on competent and relevant evidence are given considerable weight. In so doing, we of course do not abdicate our function as the triers of fact in de novo cases. Snater v. Walters, 250 Iowa 1189, 98 N.W.2d 302, and cases cited. From the record we learn that prior to the purchase Cook and the plaintiff's agent, Loren W. Hamann, together examined the trailer which seller by its agent, James Sexton, said was a 1953 model. Content with that assurance, those men spent about thirty minutes examining the visible condition of the trailer and, when it was approved by Hamann for a $1920 loan thereon, the purchase was made. Both Hamann and Cook said they would not have accepted the deal had they known the true age of the trailer.

Cook traded in his 1952 stock trailer for the Dorsey trailer and gave seller $1500—$300 in cash and a $1200 note and mortgage on the trailer. The loan, now overdue, obtained from plaintiff bank was necessary to pay an existing indebtedness

against the stock trailer of $1331, provide the $300 cash payment, and obtain insurance. Without it the deal could not have been made. When the title certificate came to Cook about a month later, he and plaintiff first learned that the Dorsey trailer was a 1950 rather than a 1953 model. Both parties registered a complaint with seller. Although Sexton said he would see what could be done about it, nothing was done. When the Dorsey trailer broke down the following April and was being repaired in Cook's absence, the seller repossessed it. At that time the buyer Cook was delinquent in his payments to seller of $107 per month, and there was a balance of $749 yet due on this note.

When the seller repossessed the trailer, plaintiff's security became endangered and it commenced this action in equity for foreclosure, injunction and other relief. In Cook's cross-petition filed therein he alleged that, due to the breach of warranty as to age, he was damaged at least $2500, and, considering that offset as of the date seller repossessed the trailer, nothing was owing thereon. Seller's counterclaim sought to foreclose its note and mortgage of $1284 based on buyer's default of payments under the contract. Buyer's affirmative reply alleged the seller's breach of warranty as a recoupment under section 554.70 (1a).

I. The question of whether there was a breach of warranty, express or implied, is largely a question of fact. Merkle-Hines Machinery Co. v. Gaynor, 185 Iowa 210, 170 N.W. 381; Hoopes & Sons v. Simpson Fruit Co., 180 Iowa 833, 161 N.W. 629. Seller's agent admitted he expressly stated the trailer was a 1953 model. There is no merit in seller's contention here that the plaintiff and Cook did not rely upon seller's age representation but relied upon the condition of the trailer as disclosed by their inspection of its floor, tires, body, etc. We agree with the trial court that reliance was placed on the age statement made by seller's agent when he referred to the trailer as a "1953 Dorsey Semi-Trailer #16903" in the note and mortgage. It is obvious that its internal mechanical condition had a close connection with its age. The statement by the witness Hamann that a 1950 trailer had three years less life and was

not worth near the money a 1953 trailer was worth is sufficient to establish the significance of those express representations. The evidence is quite sufficient to establish that the intended value of the trailer was based by all parties on both its age and physical condition at the time of the sale. We think there was an express warranty here.

 It is well established in this jurisdiction that a buyer may rely on his own judgment as to some matters visible to him, and may rely upon the seller's representations as to others. Drager v. Carlson Hybrid Corn Co., Inc., 244 Iowa 78, 84, 56 N.W.2d 18, 20, and citations; Evans v. Palmer, 137 Iowa 425, 114 N.W. 912. When he does so and the seller is, or should be, aware that reliance is placed upon an erroneous representation, a breach of warranty results, and certain options set forth in section 554.70, Code of 1958, become available to the buyer. Undiscovered hidden defects do not deprive the buyer of the benefit of an established warranty. Risser v. Cox, 187 Iowa 990, 174 N.W. 701.

In this connection it must be pointed out that the tendency of all modern cases on warranty is to enlarge the responsibility of the seller and restrict the application of the maxim of "caveat emptor." 46 Am. Jur., Sales, section 339, page 522; 77 C. J. S., Sales, section 315, page 1160. The evidence in the case before us is quite convincing that had the defendant Cook or the plaintiff bank been aware that the trailer was a 1950 model rather than a 1953 model, the sale would not have been made, at least at the price agreed upon at that date. Thus, it must be held that there was a breach of an express warranty, and the buyer had his remedy available under the statute.

II. This brings us to the nub of this controversy involving the extent and meaning of section 554.70, Code of 1958. Chapter 554 of the Iowa Code is commonly known as the Uniform Sales Law. Section 554.70 provides in part:

"1. Where there is a breach of warranty by the seller, the buyer may, at his election:

"*a*. Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price.

"*b*. Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty. * * *

"7. In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

 Under option (*a*) the buyer is permitted to recover his damage due to seller's breach of warranty when he keeps the goods, but cannot recover more than the original purchase price, and by most authorities the recovery must be somewhat less, for it is reasoned that if the goods were valueless rescission would be the proper option, and by keeping the goods they must be considered by buyer of some value. Keniston v. Todd, 139 Iowa 287, 117 N.W. 674. Recoupment, we have said, is the cutting out or reducing of a part of the creditor's demand, and is based upon some failure of the creditor to comply with the terms of the contract out of which the debt sued upon arises. Medart Pulley Co. v. Dubuque Turbine & Roller Mill Co., 121 Iowa 244, 248, 96 N.W. 770, 771.

Under option (*b*) it seems the buyer, after paying for the goods, or when not in default, may sue seller and recover an affirmative judgment for his damage, direct or consequential. While it may appear that when buyer cross-petitioned he was relying on this remedy, no seller objection was then made.

Due to rule 29, R. C. P., on compulsory counterclaims, when the buyer brought his cross-petition for damages, seller promptly asked foreclosure of its claimed indebtedness and buyer set up his defense under option (*a*). As bearing on the application of this requirement, see Mensing v. Sturgeon, 250 Iowa 918, 926, 97 N.W.2d 145, 147, and cases cited.

 The record discloses that Cook kept and used the Dorsey trailer after discovering and reporting the breach of warranty to seller, and there is no merit in seller's contention that, by failing to make or keep up the payments under the contract, the buyer rescinded the agreement. No such inference is justified here, and thus the cases cited by seller relating to rescission are not applicable. Cook may have intended to await

final payment of the seller's note, then sue the seller under option (b) and recover an affirmative judgment. However, when seller attempted to repossess the trailer, both the second mortgage holder and Cook had to act or lose their rights in the Dorsey trailer. At least it is clear that when the seller filed its counterclaim, the buyer under option (a) asserted the loss or damage suffered by him due to the breach of warranty in diminution or extinction of the purchase price.

Cook testified that his loss in value was $1500, and the trial court accepted that figure. Thus the buyer argues that at the time of the execution of the note and mortgage no sum was due the seller, and his default in making payments thereunder would not sustain a repossession of the trailer.

Regardless of whether the buyer could successfully maintain an action under (b) without showing he had paid for the trailer under the contract (Legvold v. Olson, 194 Iowa 1000, 189 N.W. 737), it is clear that, after the seller's counterclaim, the buyer could and did claim his remedy under option (a). He does not claim consequential damages, but only recoupment in diminution of the original purchase price. In this regard his position was sound, and if the court's determination of his damage of $1500 is correct he had already paid more for the trailer than it was worth without the $1200 represented by the defaulted note and mortgage. The repossession by seller in April, therefore, was not justified.

 In this connection it is well to observe the general meaning of recoupment. It is not merely a cross-action as is a setoff; it does not confess the indebtedness alleged in the complaint and counterclaim as is understood by a setoff, but its proposition is that plaintiff's claim is based upon a particular contract or transaction, that to entitle the plaintiff to the sum claimed he must prove compliance with certain obligations of the contract, that he has failed to do so, and therefore defendant has been so damaged in that transaction that plaintiff is not entitled to recover; or, in other words, there is no debt, or, if so, it is a less debt than plaintiff claims. Grisham v. Bodman, 111 Ala. 194, 200, 20 So. 514, 515; 22 Iowa Law Review 119.

In 46 Am. Jur., Sales, section 724, page 848, it is stated:

"It is well settled that in case of a breach of warranty the buyer may as a general rule set up by way of recoupment or counterclaim the resulting damages in reduction of the seller's recovery for the price without returning or offering to return the property, and without notifying the seller of its defects. The basis of the rule is that the law does not require a party to pay for an imperfect and defective article the price stipulated for a perfect one, and, when the price is demanded, will allow him to deduct the difference between that price and the value of the inferior work, and also the amount of any direct damages flowing from existing defects, not exceeding the demand of the plaintiff. This is a rule of strict justice, and the deduction is allowed in a suit upon the contract to prevent circuity of action."

Reference is then made to the provisions of the Uniform Sales Act heretofore referred to.

We are satisfied here the buyer Cook, acting under section 554.70(1a), asked relief by way of damages which he claimed was the difference in value of the 1950 and 1953 trailer at the time of the delivery to him, and that being successful he had more than paid the seller for the trailer delivered and was entitled to its possession and the cancellation of his obligation to seller.

III. It was, of course, the buyer's burden to plead and prove not only his allegation as to express warranty and the breach thereof, and his election to keep the goods and reduce the obligation by the extent of his damage, but also to prove the extent of the damage due to the breach. Section 554.70(7), Code of 1958; Kelly v. Emary, 242 Iowa 683, 688, 45 N.W.2d 866. In other words, he must prove by a preponderance of the competent evidence that the 1950 Dorsey trailer was not worth as much as a 1953 Dorsey trailer at the time of its delivery to him. Testimony by himself and Mr. Hamann, the bank's agent, that a 1950 trailer in 1957 was not worth nearly as much as a 1953 trailer, was denied by Mr. Sexton and a Mr. Christopherson who said there was no difference due to the age but that such value was largely determined by the condition of the trailer at the time of sale.

Mr. Hamann, who had made loans on trucks and trailers for eleven years, said: "A 1953 was worth about $3300 and a 1950 between $500 and $1000" in July 1957 and that this 1950 trailer was not in good condition, for "Cook had to repair the inside of the Dorsey trailer and had trouble with the refrigeration motor, which leaked water and kept stopping." He stated that both condition and age affect value of such a vehicle the same as they do an automobile.

On the other hand, Mr. Christopherson, a sales representative of Fruehauf Trailer Company for eleven years, familiar with prices and kinds of Dorsey 34-foot refrigerated trailers, said he appraised the 1950 Dorsey 34-foot refrigerated trailer then in seller's possession at $2500, and that in the same condition it would have been worth $2500 to $3000 in July 1957. He also expressed the opinion that a 1953 Dorsey refrigerated trailer in the same condition in 1957 would be worth the same. His examination consisted of tires, floor, physical condition, and the refrigeration unit. Sexton, the seller's manager, was of the same opinion. Cook said he valued such a 1950 trailer in 1957 at $1500 and a 1953 at about $3000. All the witnesses were more or less qualified to express their opinions as to the value of such vehicles, but of course the court is free to accept or reject such statements in fixing the correct value.

Apparently the trial court felt that Cook's valuation was about right, for it found the difference in value between the trailer delivered and the 1953 model warranted was $1500.

While the evidence submitted is not strong nor too satisfactory, yet we think it sufficient to generate a fact question for the court. It is inconceivable that age plays no part in the value of such a used vehicle, for, as pointed out by the witness Hamann, unseen parts worn or subject to wear for three additional years of service are not as sound, reliable or serviceable as those not so used. The part age plays may or may not be controlling, but it is of sufficient import, we think, that it cannot be ignored. We do not find any reason here to differ with the finding of the trial court on the amount of buyer's damage.

Seller argues that while buyer may recoup from seller for a breach of warranty, this extends only to the remaining

amount due and will not warrant a judgment against it for overpayment. Section 554.70(1a). In other words, it contends that if the court finds that there was a breach of warranty, it could only allow the buyer a recovery of $749 as the remaining amount due under the original agreement, that the judgment against it for $751 was erroneous, even though the difference in value at the time of the sale was $1500. We cannot agree. Recovery under this section permits a rebalancing of the account between the parties not to exceed the original purchase price. It, of course, does not extend to counterclaims involving other transactions or consequential damages. The original purchase price paid was at least $2831 by trade-in, cash and note. It must be concluded as to this transaction that the buyer was entitled to a refund of $751 and a cancellation of the indebtedness evidenced by the note and mortgage, all as provided by the trial court's judgment.

IV. In its last assignment of error the defendant seller contends that the trial court erred in granting relief designated as a "Writ of Possession", in which it ordered the sheriff to return the trailer to plaintiff bank and defendant Cook, and assessed the costs of such action to defendant seller. As the basis of this contention, it alleges there was no authority for the issuance of such a writ and that the court granted relief which was not asked in the petitions. It is true courts of equity as a general rule will not grant greater or different relief than claimed in plaintiff's petition (Blake v. Blake, 13 Iowa 40), but as conceded by seller the court has the power and authority to force obedience to its decrees. Nevertheless, it does not appear here that its decree will be disobeyed or some other illegal act will be committed by a seller. There is no apparent call for the sheriff's action nor a just basis to incur such added costs. It does not appear that seller has acted illegally or proposes to do so. This suit being in equity and triable de novo, we will therefore alter the trial court's order as to restoration of the property herein.

It is the order of this court that the defendant Truckers Discount Corporation deliver possession of the 1950 Dorsey 34-foot refrigerated trailer involved herein to Faye A. Cook

forthwith, and that the sale of the trailer under the special execution to be issued on plaintiff's judgment against the defendant Cook be postponed for thirty days pending an agreement between the plaintiff and the defendant Cook. Subject to this change, the judgment of the trial court is affirmed.—Modified and affirmed.

All JUSTICES concur except OLIVER, J., not sitting, and THORNTON, J., who takes no part.